UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BAYLOR UNIVERSITY MEDICAL CENTER, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:03-CV-2392-G |
| EPOCH GROUP, L.C., | ) ) | |
| Defendant, | ) ) | |
| VS. | ) ) | |
| VAN ENTERPRISES, INC. EMPLOYEE BENEFIT TRUST, ET AL., | ) ) ) | |
| Third-Party Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of third-party defendants Van Enterprises, Inc. Employee Benefit Trust and Van Enterprises, Inc. (collectively, "Van") to dismiss defendant/third-party plaintiff Epoch Group, Limited Company ("Epoch")'s claims against them for (1) lack of standing and (2) failure to state a claim on which relief can be granted. Also before the court is Epoch's motion for leave to file an amended

third-party complaint against Van.  For the reasons discussed below, the motions are

granted in part and denied in part.

## I. BACKGROUND

On May 5, 2004, the plaintiffs, Baylor University Medical Center, Our

Children's House at Baylor, Baylor Medical Center at Grapevine, Baylor Medical

Center – Irving, and Baylor All Saints Medical (collectively, "Baylor"), filed their first

amended complaint against Epoch seeking recovery for breach of contract and late

payment of claims.  *See generally* Plaintiffs' First Amended Complaint.

On May 24, 2004, Epoch filed a motion for summary judgment under FED. R.

CIV. P. 56 arguing that, as a matter of law, (1) Baylor is not entitled to recover for

breach of contract or for late payment of claims because Epoch is not a party to any

contract with Baylor, and (2) the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1001, *et seq.*, completely preempts Baylor's breach of contract

claims.  *See generally* Defendant's Brief in Support of Third Motion to Dismiss/For

Summary Judgment.  On August 18, 2004, this court denied that motion and

determined, among other things, that Baylor's breach of contract claim was not

completely preempted by ERISA.  *See generally* August 18, 2004, Memorandum

Order.  In response to motions by Epoch to reconsider Epoch's motion to dismiss as

it relates to ERISA preemption, or in the alternative for leave to file another motion

to dismiss reasserting its ERISA preemption argument, this court denied both requests. October 29, 2004, Memorandum Order.

On March 16, 2005, this court issued its scheduling order setting the trial for the court's four-week docket beginning January 3, 2006. Order Establishing Schedule and Certain Pretrial Requirements ("scheduling order") ¶ 2. Among the deadlines included in the court's scheduling order was a requirement that all amended pleadings were to be filed by June 16, 2005.[1] *Id.* ¶ 3.

On April 7, 2005, Epoch filed a third-party complaint against Van, Defendant's Original Third Party Complaint ("Third-Party Complaint"), which Van answered on June 20, 2005. Van's Original Answer to Third Party Complaint. On that same date (four days after the amended pleadings were due), Van also filed the instant motion to dismiss Epoch's third-party complaint. Van Enterprises, Inc. Employee Benefit Trust's and Van Enterprises, Inc.'s Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) ("Motion to Dismiss"). On July 12, 2005, Epoch filed this motion for leave to file a first amended third-party complaint against Van. Motion for Leave to File First Amended Third-Party Complaint ("Motion for Leave").

---

[1] The scheduling order has been amended twice since it was issued: first, to extend the deadline for filing motions for summary judgment to September 8, 2005, *see* Order entered August 15, 2005, and, second, to extend the deadline for Epoch and Van to file dispositive motions against each other to October 4, 2005, *see* Order entered August 30, 2005.

Van has not filed a response to this motion,[2] but both parties have argued Van's motion to dismiss.  *See generally* Defendant's Response in Opposition to Third-Party Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) and Rule 12(b)(6) and Brief in Support of Defendant's Opposition to Third-Party Defendants' Motion ("Response"); Van Enterprises, Inc. Employee Benefit Trust's and Van Enterprises, Inc.'s Reply to Epoch Group L.C.'s Response to Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) ("Reply"); Defendant's Surrreply to Third-Party Defendants' Reply to Defendant's Response in Opposition to Third-Party Defendants' Motion to Dismiss Pursuant to Rule 12(b)(1) and 12(b)(6) and Supporting Brief.

## II.  <u>ANALYSIS</u>

The third-party defendants assert two grounds for dismissal:  (1) the court lacks subject matter jurisdiction over this case because the third-party plaintiff does not have standing; and (2) the third-party plaintiff has failed to state a claim upon which relief can be granted.  Motion to Dismiss at 2-3.

In general, a third-party defendant may raise by motion any of the defenses enumerated in Rule 12(b), and the principles that govern the disposition of Rule 12(b) motions in other contexts apply under FED. RULE CIV. P. 14 as well.  6 C.

---

[2]      Although Van did not file a response to Epoch's motion for leave, the motion is opposed.  Van did not agree to the motion when it was filed on July 12, 2005.  *See* Certificate of Conference, Motion for Leave at 5.  In addition, Van argues in its reply to Epoch Group L.C.'s response to motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) ("Reply") that Epoch's motion for leave is untimely.  Reply ¶ 14.

WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE ("WRIGHT & MILLER")
§ 1455 (2d ed. 1990) at 431-32.

A.   Motion for Dismissal under Rule 12(b)(1)

1.   *Subject Matter Jurisdiction - Legal Standard*

Federal courts are courts of limited jurisdiction.  See *Kokkonen v. Guardian Life
Insurance Company of America*, 511 U.S. 375, 377 (1994); *Owen Equipment and Erection
Company v. Kroger*, 437 U.S. 365, 374 (1978).  A federal court may exercise
jurisdiction over cases only as expressly provided by the Constitution and laws of the
United States.  *See* U.S. CONST. art. III §§ 1-2; see also *Kokkonen*, 511 U.S. at 377.
Federal law gives the federal district courts original jurisdiction over "all civil actions
arising under the Constitution, laws, or treaties of the United States."  28 U.S.C.
§ 1331.  A party seeking relief in a federal district court bears the burden of
establishing the subject matter jurisdiction of that court.  *United States v. Hays*, 515
U.S. 737, 743 (1995); *McNutt v. General Motors Acceptance Corporation of Indiana, Inc.*,
298 U.S. 178, 189 (1936); *Langley v. Jackson State University*, 14 F.3d 1070, 1073
(5th Cir.), *cert. denied*, 513 U.S. 811 (1994).

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal
of a case for lack of jurisdiction over the subject matter.  *See* FED. R. CIV. P. 12(b)(1).
A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction
must be considered by the court before any other challenge because "the court must

find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudia Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgras AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted).

On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413).  When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.  *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977) (per curiam).  This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice.  *Id.*

2. *Epoch's Standing to Bring Third-Party Claims*

Van argues that Epoch's claims against Van should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because this court lacks subject matter jurisdiction over Epoch's claims.  Van asserts that although the plaintiff Baylor specifically states that it is not seeking benefits under an ERISA plan, Epoch's sole basis for joining Van in this suit is "pursuant to an ERISA plan."  Therefore, Van argues, Epoch -- being neither a participant in, nor beneficiary of, an ERISA plan -- lacks standing under ERISA, and this court lacks subject matter jurisdiction.  Motion to Dismiss at 4; Reply at 4.  Moreover, Van maintains, Epoch lacks standing since it has not alleged a dispute between Van and Epoch in its complaint.  Reply at 5.  Epoch responds that its third-party claims against Van are within this court's supplemental jurisdiction under 28 U.S.C. § 1367.  Response at 6.

The policy underlying Rule 14 is to promote judicial economy by eliminating circuity of action.  See, *e.g.*, *Powell, Inc. v. Abney*, 83 F.R.D. 482, 485 (S.D. Tex. 1979); *Crude Crew v. McGinnis & Associates, Inc.*, 572 F. Supp. 103, 109 (E.D. Wis. 1983) ("The general purpose of Rule 14 is to avoid circuity of actions and to expedite the resolution of secondary actions arising out of or in consequence of the action originally instituted.").  Rule 14 thus permits a defendant to bring into a civil suit any person "not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."  FED. R. CIV. P.

14(a).  Accordingly, Rule 12(b)(1) challenges to a court's subject matter jurisdiction over third-party claims will generally be unsuccessful since such proceedings have been considered ancillary to the main action and therefore do not require independent subject matter jurisdiction.  6 WRIGHT & MILLER § 1455 at 434.

Section 1367(a) provides that

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a).  Congress, however, has limited this grant of subject matter jurisdiction.  Section 1367(a) does not apply to claims by plaintiffs against parties made part of the action by Rule 14 if the original jurisdiction of the district court is based on 28 U.S.C. § 1332.[3]  28 U.S.C. § 1367(b).  The practice commentary emphasizes that the limitation in § 1367(b) applies only to plaintiffs who attempt to assert claims against third-party defendants.[4]  Practice Commentary § 1367 ("Subdivision (b) of § 1367 is concerned only with efforts of a plaintiff to smuggle in

---

[3]     28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [persons of diverse citizenship]."  28 U.S.C. § 1332(a).

[4]     The practice commentary states that:  "D's impleader claim against X [a nondiverse third-party defendant] gets ancillary jurisdiction, and nothing in subsection (b) of § 1367 changes that."  Practice Commentary, 28 U.S.C. § 1367.

claims that the plaintiff would not otherwise be able to interpose.").  This limitation does not apply to a third-party plaintiff's claims against a third-party defendant; it is well-settled that there need be no independent jurisdictional basis for a defendant's claim against a third-party defendant if jurisdiction over the original parties exists via diversity of citizenship or presence of a federal question.  6 WRIGHT & MILLER § 1444 at 321-24 (citing *Fawvor v. Texaco, Inc.*, 387 F. Supp. 626, 629 (E.D. Tex. 1975), *aff'd*, 546 F.2d 636 (5th Cir. 1977)).

The mere fact that a third-party claim arises from the same general facts as the original dispute is not sufficient, however; it will be dismissed if it is an entirely independent claim.  *United States v. Joe Grasso and Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967).  In other words, third-party practice is proper under Rule 14 only if the third-party defendant is or may be liable to the defendant for all or part of the plaintiff's recovery, or the defendant attempts to pass on to the third party all or part of the liability asserted against the defendant.  *Id*. (citing 1A BARRON & HOLTZOFF, FEDERAL PRACTICE AND PROCEDURE § 426 at 664-69 (1960 ed.); 3 Moore's Federal Practice ¶ 14.07 at 512 (2d ed. 1966)).

Here, there is no question that this court has original jurisdiction over the dispute between Epoch and Baylor.[5]  Epoch has been "haled into court against [its]

---

[5]       The plaintiffs concede that there is diversity jurisdiction, as each of the plaintiffs is a Texas non-profit corporation and Epoch is a foreign corporation, and the amount in controversy exceeds $75,000.  Plaintiffs' Brief in Support of Response

(continued...)

will," *Owen Equipment and Erection Company*, 437 U.S. at 376, and seeks to assert

claims, pursuant to Rule 14, which form part of the same case or controversy as the

original action.  The instant case represents a traditional use of third-party practice:

derivative liability.  *The Equitable Life Insurance Society of the United States v. Lafferty*,

No. 3:02-CV-2453-D, 2003 WL 22946473, at *2 (N.D. Tex. Feb. 11, 2003)

("Because the liability of the third-party defendant to the defendant on the impleader

claim is derivative of the defendant's underlying liability to the plaintiff in the

underlying case, the impleader claim by definition is concerned with the same

transaction or occurrence, or common nucleus of operative fact, as the underlying

suit.").  Epoch seeks to shield itself from paying Baylor's claims by virtue of an

Administration Agreement.[6]  Under this Administration Agreement, Van retained

Epoch to serve as Claims Supervisor, whereby Epoch processed claims for benefits

and Van provided funding to pay for such claims.  Response at 2.  According to the

response, Epoch was responsible for paying Baylor only if the services Baylor provided

fell within coverage of the Plan.  *Id.* at 3.  Van and the Plan were then required to pay

---

[5](...continued)
to Epoch's Third Motion to Dismiss/For Summary Judgment at 2; *see also* Plaintiffs'
First Amended Complaint ¶¶ 1-2.

[6]        Although Epoch did not attach the Administration Agreement to its
original Third-Party Complaint against Van, that agreement was subsequently
included in documentation related to the motion to dismiss and will therefore be
considered by the court on Van's 12(b)(1) motion.  *See* Exhibit B *attached to* Motion
for Leave; Exhibit 1 *attached to* Response.

for claims processed by Epoch if the claims were covered by the Plan.  *Id*.  Upon

resolution of the original claim, Van may be liable to Epoch for all or part of Baylor's

claim against Epoch.  Van's derivative liability to Epoch thus falls within the

traditional use of third-party practice, precluding dismissal under Rule 12(b)(1).

    With regard to Van's argument that Epoch lacks standing in this third-party

action because it did not allege an injury, *see* Motion to Dismiss at 5 and Reply ¶ 10,

third-party practice under Rule 14 does not require imminent injury.  Third-party

actions are proper even though the third-party defendant's liability is contingent.

*Travelers Insurance Company v. Busy Electric Company*, 294 F.2d 139, 145 (5th Cir.

1961).  In fact, Rule 14's "is or may be liable" language makes it clear that third-party

practice is proper even though a third-party defendant's liability is not automatically

established upon resolution of the third-party plaintiff's liability to the original

plaintiff.  6 WRIGHT & MILLER § 1446 at 373 (citing *Powell*, 83 F.R.D. at 486;

*Travelers Insurance Company*, 294 F.2d at 145).  As already stated, Van "may be liable"

to Epoch upon resolution of Baylor's original claim against Epoch, so Epoch does not

lack standing for failure to allege an injury.

    The court concludes that jurisdiction over Epoch's claims against the third-

party defendants exists on the basis of section 1367(a).  Accordingly, Van's motion to

dismiss Epoch's third-party complaint for lack of subject matter jurisdiction is denied.

B.  Motion for Dismissal under Rule 12(b)(6)

1.  *Failure to State a Claim - Legal Standard*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted.  First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of its claims that would entitle it to relief.  *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing 5B WRIGHT & MILLER § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant.  See *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).  However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379

(5th Cir. 2003).  In addition, a court must not look beyond the pleadings when

determining whether a complaint states a claim upon which relief may be granted.

*Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th

Cir. 1982), *cert. denied*, 464 U.S. 932 (1983).

2.  *Van's Motion to Dismiss Under Rule 12(b)(6)*

Third-party complaints are subject to the pleading requirements of Rule 8 and

must set forth a short and plain statement of the claim showing that defendant is

entitled to relief from the third party.  6 WRIGHT & MILLER § 1453 at 417.

Specifically, for complaints filed under Rule 14, the complaint must indicate that the

third-party defendant is or may be liable to the third-party plaintiff for all or part of

the plaintiff's claim against the defendant.  *Id*. at 417-18 (citing *Joe Grasso and Son,

Inc.*, 380 F.2d at 751-52).

Epoch's original third-party complaint addresses Van's liability to Epoch for all

or part of Baylor's claims.  Specifically, Epoch's complaint alleges:

> 9.  If the claims for benefits submitted by Baylor to
> EPOCH for medical services that Baylor provided as
> identified under either Count V(A) or V(B) are both
> covered and payable under the Plan then the Third-Party
> Defendants would be responsible for paying those claims,
> not EPOCH.
>
> 10.  If EPOCH is found to be liable to Baylor with regard
> to either Count V(A) or Count V(B), as it relates to
> participants or beneficiaries in the Plan, then Third-Party
> Defendants are liable to EPOCH for any sums assessed
> against EPOCH with respect to Count V(A) and for any

- 13 -

> sums assessed against EPOCH with respect to Count V(B)
> relating to participants or beneficiaries in the Plan.

Third-Party Complaint ¶¶ 9-10.  However, even if Epoch addresses liability

sufficiently in order to satisfy Rule 14 requirements, Epoch's third-party complaint

may still be dismissed for failure to state a claim in compliance with Rule 8

requirements.  6 WRIGHT & MILLER § 1453 at 417.

Since Epoch claims that its proposed amended complaint is merely clarifying

its contractual claims against Van, *see* Response at 6, n.3, the court looks to that

document to elucidate those claims.  Essentially, Epoch argues that Van (*i.e.*, both

Van Enterprises, Inc. Employee Benefit Trust and Van Enterprises, Inc.) breached a

written contract (the Administration Agreement), as well as an oral or implied-in-fact

contract.  *See generally* Defendant's First Amended Third-Party Complaint ("Amended

Complaint") at 2-6, *attached to* Motion for Leave as Exhibit 1.[7]  However, since the

court may not consider proposed amendments and documents not attached to the

original complaint when deciding a motion under Rule 12(b)(6), *Lovelace v. Software

Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996); *Carpenters Local Union No. 1846*,

690 F.2d at 499-500, the court returns to the original pleadings.

---

[7]     Although Van argues that Epoch seeks relief from Van solely on ERISA
grounds, Reply ¶¶ 2, 5-6, Epoch explicitly concedes it lacks standing under ERISA.
Response at 4.  Therefore, the court will not discuss Van's arguments regarding
alleged ERISA claims; instead, only the contractual claims asserted by Epoch will be
addressed.

Under Texas law,[8] a breach of contract claim requires:  (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from the defendant's breach.  *Kay v. North Texas Rod & Custom*, 109 S.W.3d 924, 927 (Tex. App.--Dallas 2003, no pet.).  A contract in fact is implied where, despite the absence of any express declaration of intent by the parties, their acts are such as to indicate, according to common understanding and the ordinary courses of dealing between men, a mutual intent to contract.  *A/S Hydraulico Works v. Fort Worth & Denver Railway Company*, 483 F. Supp. 518, 521 (S.D. Tex. 1980) (citing 13 Tex. Jur. 2d Contracts § 5).  Such a contract can be formed by conduct.  See *Live Oak Insurance Agency v. Shoemake*, 115 S.W.3d 215, 219 (Tex. App.--Corpus Christi 2003, no pet.).  Although Rule 8 pleading requirements are minimal, a complaint based on breach of contract must describe the alleged terms of the contract in a sufficiently specific manner to give the defendant notice of the nature of the claim.  *American Realty Trust, Inc. v. Travelers Casualty and Surety Company of America*, 362 F. Supp. 2d 744, 753 (N.D. Tex. 2005).  For instance, a claim on a written contract must either (1) quote relevant contractual language; (2) include a copy of the contract as an attachment; or

---

[8]     As stated previously in note 5, subject matter jurisdiction for the original action (*Baylor v. Epoch*) is based on diversity of citizenship.  Accordingly, these claims are controlled by Texas law.  See *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 78 (1938); *Rogers v. Corrosion Products, Inc.*, 42 F.3d 292, 295 (5th Cir.), *cert. denied*, 515 U.S. 1160 (1995).

(3) summarize the contract's purported legal effect. *Id.* (citing 5 WRIGHT & MILLER § 1235 at 393; FED. R. CIV. P. Official Form 3). Presumably, there is no reason why a party alleging an oral contract should be excused from providing a corresponding level of detail. *Id.*

Epoch's causes of action depend upon the existence of a contract or behavior of the parties evincing such a contract. In its pleading, however, Epoch fails to identify or attach any contract or agreement between itself and Van. Although Epoch argues that its complaint sufficiently states a breach of contract claim through the allegation that "Van Enterprises *retained* EPOCH to serve as the Claims Supervisor for the Plan . . .", Response at 5 (citing Third-Party Complaint ¶5), Epoch fails to allege the number of writings involved, their dates, the specific subject matter or terms of the contracts, or any other information which would give Van notice of the basis upon which Epoch may be entitled to relief.[9] In addition, Epoch has not alleged facts regarding the behavior of the parties that would give rise to a possible implied-in-fact contract claim. Therefore, Epoch's petition does not include sufficient operative facts to support its breach of contract claims. See *Askanase v. Fatjo*, 148 F.R.D. 570, 573-74 (S.D. Tex. 1993) ("The cross-claims of the [cross-claimants] merely state in

---

[9]     As mentioned above, an unsigned "Administration Agreement" was attached to Epoch's response, see Exhibit 1 *attached to* Response, and motion for leave, see Exhibit B *attached to* Motion for Leave, but not to its original third-party complaint. Consequently, the Administration Agreement cannot be considered on a motion to dismiss under Rule 12(b)(6). *Lovelace v. Software Spectrum Inc.*, 78 F.3d at 1017; *Carpenters Local Union No. 1846*, 690 F.2d at 499-500.

conclusory fashion that they are entitled to indemnity and/or contribution from [cross-defendants].  This falls far short of meeting the fair notice requirement of Rule 8."); cf. *McCann v. Texas City Refining, Inc.*, 984 F.2d 667, 674 (5th Cir. 1993) (plaintiff failed to state claim for tortious interference with employment contract where complaint did not allege existence of employment contract).  In short, Epoch has failed to aver a set of facts, which, if proven, would entitle it to relief on its breach of contract claim.  See *Conley*, 355 U.S. at 45-46.

Accordingly, since Epoch has failed to give Van notice of the nature of its claim, Epoch's original third-party complaint is dismissed under Rule 12(b)(6).

## C.  Epoch's Motion for Leave to Amend Third-Party Complaint

If it appears that a more carefully drafted pleading might state a claim upon which relief could be granted, the court should give the claimant an opportunity to amend its claim rather than dismiss it.  *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985); *Taylor v. Dallas County Hospital District*, 976 F. Supp. 437, 438 (N.D. Tex. 1996).  Epoch therefore argues, in support of its motion for leave, that granting leave to amend will "preserve its claims against Third-Party Defendants."  Motion for Leave at 2.  Epoch cites Rule 15(a) of the Federal Rules of Civil Procedure for the proposition that leave should be "freely given when justice so requires."  *Id*. (citing FED. R. CIV. P. 15(a)).  While this is a correct statement of the general rule regarding amendment of pleadings, "Rule 16(b) governs amendment of pleadings after a

- 17 -

[district court's] scheduling order deadline has expired." *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). "Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.'" *Id.* at 535 (citing FED. R. CIV. P. 16(b)). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Id*. (citing 6A WRIGHT & MILLER § 1522.1 at 231). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."[10] *Id.* at 536. The Fifth Circuit established a test in *S&W Enterprises* for determining whether an untimely motion to amend should be allowed, despite the existence of a scheduling order:  "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. at 536 (internal quotations and brackets excluded).  As discussed below, three of the

---

[10]     Federal Rule of Civil Procedure 15(a) provides that leave to amend should be "freely given when justice so requires."  The Fifth Circuit has repeatedly held that Rule 15(a) evinces a liberal amendment policy.  See, *e.g.*, *Lowrey v. Texas A & M University System*, 117 F.3d 242, 245 (5th Cir. 1997); *Nance v. Gulf Oil Corporation*, 817 F.2d 1176, 1180 (5th Cir. 1987); *Youmans v. Simon*, 791 F.2d 341, 348 (5th Cir. 1986).  A motion to amend under Rule 15(a), therefore, should not be denied unless there is a substantial reason to do so. *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (citing *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994)).

- 18 -

four factors weigh against granting Epoch leave to amend its original third-party complaint.

### 1. *Explanation for Failure to Timely Move for Leave to Amend*

The first factor weighs against Epoch because it has offered no adequate basis for its failure to amend prior to the court-ordered deadline.  Epoch bears the burden of showing that, despite its due diligence, the deadlines of the scheduling order could not be met.  However, in its motion for leave, Epoch merely addresses the requirements under Rule 15(a).  *See generally* Motion for Leave at 2-4.  According to Epoch, the motion was untimely because Epoch had no reason to believe its third-party complaint needed amendment until Van filed its motion to dismiss after the scheduling order deadline expired.  *Id*. at 3.

The motion to amend in this case was made more than three years after the events in question had occurred.  It was made almost two years after the filing of Baylor's original complaint, and almost four weeks after the scheduling order's deadline for amended pleadings.  *See generally* Docket Sheet; Scheduling Order.  Despite such delay, the proposed amendment appears to rely on an agreement known to Epoch from the time of its original pleading, but not included therein.  *See* "Administration Agreement," *attached to* Epoch's Motion for Leave as Exhibit B.  Epoch therefore could have clarified its theory at that time or, at the very least, within the two months remaining before the scheduling order deadline.

Consequently, Epoch's only explanation for the delay – notice that its third-party

complaint may need amendment upon Van's motion to dismiss – "is tantamount to

no explanation at all." *S & W Enterprises*, 315 F.3d at 536.  Nor does the bare

assertion that "the proposed amendment will not cause undue prejudice to Third-

Party Defendants," Motion for Leave at 3, offer an explanation for its failure to

timely move for leave to amend.  *STMicroelectronics, Inc. v. Motorola, Inc.*, 307 F. Supp.

2d 845, 850-51 (E.D. Tex. 2004).  The amended claims are not the result of new

information discovered in investigations, recent breach of agreements between the

parties, or disclosure of facts previously hidden by nonmovants; instead, Epoch seeks

to amend its complaint to avoid dismissal under Rule 12(b)(6).  Motion for Leave at

2.  However, the facts on which Epoch's breach of contract claim is based were fully

known to Epoch from the outset of the lawsuit and, indeed, were relied on by Epoch,

though under a different theory, in its original third-party complaint.  It was not until

that theory was challenged by Van in its motion to dismiss that the amendment was

tendered.  Therefore, this factor weighs against Epoch.

### 2.  *Importance of the Amendment*

While it is important for a court to allow amendment of claims so that cases

may be heard on their merits, Epoch's failure to timely amend its claims undercuts

the importance of the amended complaint.  Accordingly, the court does not weigh

this factor in favor of granting or denying leave.  However, should this court grant

Van's motion to dismiss without prejudice, Epoch is free to file an independent claim for relief against Van in this forum or another, particularly if new facts come to light or Epoch is able to recast its claim in compliance with Rule 8 standards.[11]  Therefore, all is not lost for Epoch.

### 3.  *Potential Prejudice in Allowing the Amendment*

The third factor also weighs against Epoch.  Van may suffer prejudice if a cause of action based on additional documents is added approximately four months prior to trial (January 2006) and within approximately two months of the close of discovery (October 31, 2005).  *See* Scheduling Order ¶¶ 2, 6.  While the court could extend the discovery period in order to cure this prejudice, such an extension would cause undue delay and possibly require the court to reset the current trial date and/or extend other pretrial deadlines.[12]

---

[11]     Dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit.  *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977); *see also* Rule 41.  However, Rule 41(b) expressly provides that the district court may specify that a dismissal is without prejudice; in such circumstances, a second suit is not barred.  9 WRIGHT & MILLER § 2373 at 401. "The cardinal principle is that the second action is precluded unless the new allegations supply a material deficiency of the complaint in the first action."  *Estevez v. Nabers*, 219 F.2d 321, 323 (5th Cir. 1955).  It appears to the court that the present circumstances merit a dismissal without prejudice.

[12]     The court notes that since Van has not engaged in any discovery to date, Motion for Leave at 3, Van could effectively conform any future discovery to Epoch's first amended complaint.  However, the potential for delay -- given that Van is beginning discovery within such a compressed time frame -- leads the court to be concerned that the trial date would nonetheless be affected.

- 21 -

4. *Availability of a Continuance to Cure Such Prejudice*

In light of Epoch's failure to present any adequate explanation for its untimely motion, such disruption to the court's docket is unwarranted. See *Reliance Insurance Company v. Louisiana Land and Exploration Company*, 110 F.3d 253, 258 (5th Cir. 1997) ("District judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case"); *Guillory v. Domtar Industries Inc.*, 95 F.3d 1320, 1332 (5th Cir.1996) ("It is well established that the district court is entitled the [sic] manage its court room and docket"); *Freeman v. Continental Gin Company*, 381 F.2d 459, 469 (5th Cir.1967) ("A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim"). The fourth factor, therefore, also weighs against granting Epoch leave to amend.

Epoch has not shown that it was diligent in its attempt to file for leave to amend its third-party complaint by the deadline established by the court's original scheduling order.  Epoch has failed to show good cause, pursuant to FED. R. CIV. P. 16(b), to modify the scheduling order, and its motion for leave to amend is accordingly denied.[13]

---

[13]     Because Epoch has failed to meet the good cause standard of Rule 16(b), the court need not address whether Epoch's motion satisfies the requirements of Rule 15(a).  See *S & W Enterprises*, 315 F.3d at 536.

III.  <u>CONCLUSION</u>

For the reasons stated above, Van's motion to dismiss under 12(b)(1) is

**DENIED**, Van's motion to dismiss under 12(b)(6) is **GRANTED**, and Epoch's

motion for leave to amend its third-party complaint is **DENIED**.  Under the

circumstances of this case, Epoch's claims against Van are **DISMISSED** without

prejudice.

       **SO ORDERED**.

September 1, 2005.

_____
A. JOE FISH
CHIEF JUDGE