UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BAYLOR UNIVERSITY MEDICAL CENTER, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO. |
| VS. | ) ) | 3:03-CV-2392-G |
| EPOCH GROUP, L.C., | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendant Epoch Group, L.C. ("Epoch") for leave to file an additional motion for summary judgment. For the reasons discussed below, the motion is denied.

Local Civil Rule 56.2(b) provides that "[u]nless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." L.R. N.D. Tex. 56.2(b). On November 13, 2003, Epoch filed its first motion to dismiss/for summary judgment, Motion to Dismiss/For Summary Judgment, which was denied on March 26, 2004, without prejudice and with leave to

re-file.  March 26, 2004, Order.  Epoch then filed its second motion to dismiss/for summary judgment on April 15, 2004.  Defendant's Second Motion to Dismiss/for Summary Judgment.  The court dismissed this motion as moot on August 13, 2004.  August 13, 2004, Order.  Finally, in its August 18, 2004 memorandum order, the court reached the merits of -- and denied -- Epoch's third motion to dismiss/for summary judgment that was filed on May 24, 2004.  August 18, 2004, Memorandum Order; Defendant's Third Motion to Dismiss/for Summary Judgment.  Epoch now seeks leave of this court to file a fourth motion for summary judgment.  Defendant's Motion Pursuant to LR 56.2(b) for Permission to File Additional Motion for Summary Judgment and Brief in Support ("Motion").  The court will grant such a motion only if Epoch shows good cause.  *See* FED. R. CIV. P. 16(b).

Epoch cites multiple reasons in support of its motion for leave.  Beyond arguing that its new motion for summary judgment will not reassert issues previously submitted in its prior three summary judgment motions, Epoch states it will advance new arguments that could not have been raised in the prior dispositive motions due to newly discovered evidence.  Motion at 4.  In addition, Epoch also wishes to assert arguments against third-party defendants that were joined in this action after Epoch filed its previous summary judgment motions.  *Id*. at 5.  Finally, Epoch reminds the court that granting leave is in the court's discretion and "judicial economy would in fact be served by allowing the Court to rule on a motion for summary judgment going

to the merits of the case in order to ascertain whether a trial is necessary at all." Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion Pursuant to LR 56.2(b) for Permission to File Additional Motion for Summary Judgment and Brief in Support ("Reply") at 5.

Baylor responds that granting leave to Epoch would "be a waste of judicial resources and cause hardship to Plaintiffs, who have already faced, responded and prevailed in three Motions to Dismiss/for Summary Judgment."[1]  Plaintiffs' Response in Opposition to Defendant Epoch's Motion Pursuant to LR 56.2(b) for Permission to File Additional Motion for Summary Judgment and Brief in Support Thereof ("Response") at 6.  Baylor points out that Epoch "outright refused to conduct any discovery whatsoever" until this court denied its third motion to dismiss/for summary judgment.[2]  *Id*. at 6.  Baylor also notes that Epoch requested the court for leave to file its fourth motion to dismiss as an alternative to its motion for reconsideration filed August 27, 2004.  *Id*. at 6; Docket Sheet.  However, the court denied that motion because "[a]llowing a party to simply reassert grounds for dismissal that have already

---

[1]  Baylor also argues that leave to file another motion for summary judgment should not be granted since Epoch did not attach its proposed motion to its motion for leave.  Response at 4-5.  The court will not address this argument as the instant motion can be decided on other grounds.

[2]  Epoch, however, contests this assertion.  Reply at 5 ("When these motions were denied discovery was undertaken.").

been considered and denied would waste judicial resources and cause hardship to the adverse party." October 29, 2004, Memorandum Order.

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15(a). However, it is in the court's discretion to grant or deny leave to amend. *Goldstein v. MCI Worldcom*, 340 F.3d 238, 254 (5th Cir. 2003). Moreover, the Fifth Circuit has held that a motion to dismiss is not a "pleading" for purposes of Rule 15. *Albany Insurance Company v. Almacenadora Somex, S.A.*, 5 F.3d 907, 911 (5th Cir. 1993). Quoting 6 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 1475 (2d ed. 1990) at 554, *Albany Insurance* teaches that "[u]nder a literal application of Rule 15(a), ... motions are not 'pleadings' and the amendment of a motion will not be permitted under subdivision (a)." *Id*. at 910-911. Here, therefore, as in *Albany Insurance*, the "bias in favor of granting leave to amend," *Goldstein*, 340 F.3d at 254, is not applicable to a request for leave to amend a motion for summary judgment.

The case is set for trial on the court's four-week docket beginning January 3, 2006, and the deadline to complete discovery in this case is October 31, 2005. Order Establishing Schedule and Certain Pretrial Requirements ¶¶ 2, 6. The deadline for filing dispositive motions has already been extended to September 8, 2005, August 15, 2005, Order; however, neither this extension nor the scheduling order entered March 16, 2005 "implicitly permit[s] all parties, including EPOCH, to file additional

motions for summary judgment." Motion at 5. Local Civil Rule 56.2(b), not the parties' interpretation of the court's scheduling order, controls this question.

Epoch has not demonstrated good cause to file yet another motion for summary judgment. Epoch had the choice to either file its motions prior to conducting substantial discovery or wait and file a dispositive motion after developing its defenses and theories. Epoch must now abide by its choices; it cannot take advantage of this court and prejudice Baylor by seeking to file yet another motion for summary judgment. The defenses Epoch wishes to assert in its motion for summary judgment will be available at the time of trial, so they are not lost through denial of leave. In addition, one of Epoch's main reasons for seeking to file another motion for summary judgment was the addition of third parties to the action. Motion at 5. However, the third parties have been dismissed and are no longer parties to this case. September 1, 2005, Memorandum Opinion and Order. Therefore, Epoch will not be prejudiced by denial of leave to file another motion.

For the reasons above, Epoch's motion for leave to file an additional motion for summary judgment is **DENIED**.

**SO ORDERED**.

September 8, 2005.

_____
A. JOE FISH
CHIEF JUDGE